BRUNOT, J.
 

 (dissenting). Conceding that the commissioner of the department of conservation is authorized to grant permits to take shells, sand, and gravel from the beds of any of the inland bayous, lagoons, lakes, bays, and rivers of the state, the exclusive jurisdiction over which is vested in the state by Act 258 of 1910; and, conceding that under the provisions of Act 42 of 1914, the commissioner of the department of conservation is authorized to fix the royalties for the exercise of the right so to do; and, conceding that the authority of the commissioner to fix the royalties may be fairly implied to authorize him to make the collections for the permits, it is, none the less, a fact that the money received for these permits belongs to the state and is deposited in the state treasury as collected. It is a part of the public fisc that has never been specifically appropriated by the Legislature, and, in advance of its appropriation, its use by any person or for any purpose is unlawful.
 

 “No money shall be drawn from the treasury except in pursuance of specific appropriation made by law. * * *” Section 1, art. 4, Constitution of 1921.
 

 It is my conclusion that the majority opinion in this case establishes a dangerous precedent, in that it recognizes the right of a public officer, charged, or impliedly charged, with the collection of public funds, to use the money so collected and deposited in the state treasury, in advance of a specific appropria
 
 *315
 
 tion of it, and it is therefore in conflict with section 1, art. 4, of the Constitution:
 

 It is my conclusion that, if a public officer who is charged with the collection of public funds uses the money so collected in advance of a specific appropriation of it, under the assumption that it is impliedly dedicated to the uses to which it has been put, he is in arrears to the extent of the sum so used, and has made himself amenable to the provisions of section 8, art. 9, of the Constitution of 1921.
 

 It is my conclusion that, if the question involves the sanctity of the public fisc, it matters not how often or over what series of years the loose use of public funds has been acquiesced in by those whose duty it was to enforce the law. Such acquiescence can never ripen into a right to violate section 1, art. 4, of the Constitution.
 

 I therefore respectfully dissent from the majority opinion herein.